SCHEDULE OF CONSOLIDATED CASES

*United Engineering Steels Ltd. v. United States,* Court No. 93–04–00235.

ORLANDO FOOD CORP, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–03–00140

(Dated February 10, 1997)

*Grunfeld, Desiderio, Lebowitz & Silverman (Steven P. Florsheim, Peter W. Klestadt, Robert B. Silverman, Erik D. Smithweiss),* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Mikki Graves Walser);* Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs Service *(Mark G. Nackman),* of Counsel, for defendant.

OPINION

GOLDBERG, *Judge:* This matter is before the Court on cross motions for summary judgment. The question presented is the proper tariff classification of a canned tomato product imported from Spain that entered into the United States in 1989 and 1990. The United States Customs Service ("Customs") classified the product at issue as "tomatoes, whole or in pieces" under subheading 2002.10.00 of the Harmonized Tariff Schedule of the United States ("HTSUS") (1990), and assessed a duty of 100 percent *ad valorem* in conjunction with subheading 9903.23.17, HTSUS. Plaintiff, Orlando Food Corporation ("Orlando"), claims that the product is properly classified as a "preparation for sauce, other" under subheading 2103.90.60, HTSUS, dutiable at the rate of 7.5 percent *ad valorem*, or as "tomatoes prepared or preserved, other" under subheading 2002.90.00, HTSUS, dutiable at the rate of 13.6 percent *ad valorem*. Upon review, the Court finds that the subject import is properly classified under subheading 2103.90.60, HTSUS, as a preparation for sauce. Therefore, judgment will be entered for the plaintiff. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1581(a) (1994).

DISCUSSION

Because there is no genuine dispute of material fact, this case is ripe for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986). The imported merchandise is produced in Spain by Agricola Conservera de Malpica, S.A., and consists of whole peeled tomatoes, tomato puree, basil, citric acid, and salt.

Furthermore, the law in this case has been settled by a prior decision of this Court. In *Nestle Refrigerated Food Co. v. United States*, 18 CIT 661, 677 (1994), this Court determined that a product consisting of similarly spiced chopped tomatoes is properly classified as a preparation for sauce under subheading 2103.90.60, HTSUS, because it is a product composed of several ingredients that is specifically intended, and actually used as, a base or intermediate of a finished pasta sauce. Because both the importer's and Customs' proposed classifications cover whole and chopped tomatoes, the merchandise in the present case is the same in all material respects to the merchandise involved in the *Nestle* decision. Accordingly, the Court holds that the merchandise in this case is classified properly as a "preparation for sauce, other" under subheading 2103.90.60, HTSUS.

The Court notes that, by administrative means, Customs has sought to limit the scope of the *Nestle* decision to the merchandise before the Court in that case. *See Proposed Limitation of Nestle Decision*, Customs Bulletin & Decisions, Vol. 29, No. 44, Nov. 1, 1995, at 8–10 (proposal to limit the effect of the *Nestle* decision to the merchandise before the Court in that case). Although Customs initially appealed *Nestle*, it reached a stipulated settlement before the Court of Appeals for the Federal Circuit could hear the case. Hence, Customs withdrew the appeal. *Id.* at 10. Since then, Customs has refused to apply the *Nestle* decision to subsequent entries. As a result, similarly situated importers have been forced to invoke the judicial process.

Customs' proposal to limit the *Nestle* decision by administrative means is based on 19 U.S.C. § 1625(d) (1994), which authorizes Customs to "limit the application of a court decision" by publication together with notice and opportunity for public comment. Section 1625(d) codified a longstanding Customs regulation found in 19 CFR § 177.10(d) (1994). This regulation arrogates to Customs the power to "limit the application of a court decision to the specific article under litigation" by means of the publication mechanism. Customs' practice of limiting judicial decisions appears to be based on the theory that each entry constitutes a separate cause of action before this Court. *See* 19 U.S.C. § 1514(c) (1994).

However, in the Court's opinion, Customs' application of 19 U.S.C. § 1625(d) in the present case has circumvented the judicial process that provides for trial court review and appeal. Section 1625(d) should not be used by Customs to simply ignore judicial decisions with which it disagrees by providing it with an alternative remedy to appeal. By refusing to either apply the Court of International Trade's decision or appeal it, Customs has encroached on the judicial function. *See Volkswagenwerk Aktiengesellschaft v. Federal Maritime Commission*, 390 U.S. 261, 272 (1968) (Although an administering agency is entitled to deference by the courts, and the courts rely upon agency expertise to enlighten their decision, the courts remain the final authorities on issues of statutory construction.).

Furthermore, the Court notes that administrative non-acquiescence imposes negative consequences for similarly situated parties. In the present case, Customs' actions have caused subsequent importers to file suit involving materially identical products, thereby creating additional burdens on private parties and wasting judicial resources.

If Customs disagrees with a decision of the Court of International Trade, it should nevertheless either comply with the decision or exercise its right of appeal to final judgment before the Court of Appeals for the Federal Circuit. Because the *Nestle* decision and its reasoning is adopted by reference in the present decision, Customs may challenge the reasoning of *Nestle* by exercising its right of appeal in the present case.

### CONCLUSION

The subject merchandise is properly classified as a "preparation for sauce, other" under subheading 2103.90.60, HTSUS. Judgment will be entered accordingly.